# Stark *against* Molleson.

A devise of the whole of testator's property vests immediately; any particular interest given out of it, operates by way of exception.

ERROR to the common pleas of *Luzerne* county.

This was an action of ejectment by Reuben Molleson against Nathaniel Stark and others, which involved the construction of the will of Reuben Molleson, Sen., the material part of which was as follows:

" I give and bequeath unto John Molleson, my beloved son, the use of all the remainder of my lands which have not been bequeathed before.    He, the said John, is to maintain George Molleson and Rhoda Molleson until each arrives to the age of fifteen years.    Also, to let his mother, Acsa Molleson, have the one-third of the avails of said farm during the time she remains a widow. She, the said Acsa, to have the privilege of turning away the said John from working the farm at any time he should act imprudently, or not carry the said farm on in a workmanlike manner,

until he arrives at the age of twenty-one years. When my beloved son, Joseph Molleson, arrives at the age of twenty-one years, then this farm to be equally divided between my sons, John Molleson and Joseph Molleson, their mother claiming the one-third of the use of the whole of said farm as long as she remains a widow.

" All the movable property, which belongs to me, except the household furniture, three cows, one span of horses, harness for the said horses, harrow and a plough, to be kept on the place for the use of the said place. When the said John arrives to the age of twenty-one, the said horses, harness, and plough are to be sold, and the avails to be equally divided among my heirs. Also, at the above said time, the said John, when he is twenty-one years of age, is to pay over to his sister, Mary Billings, one hundred dollars, the movable property, except what has been reserved to be sold at public sale, and the avails to be paid out to discharge debts and expenses, if any thing remains to be equally divided among my heirs. The above said lands, which I bequeath to my sons, John and Joseph, are to be held in fee simple. The moiety that is to be paid over by John Molleson aforesaid to Mary Billings, is to be paid in neat stock at cash price."

Joseph, the devisee, under this will died intestate, and without issue in his minority; and the only question in the cause was, whether his estate was vested or contingent.

The court below (Scott, president) charged the jury that he took a vested estate, which, upon his death in his minority intestate, and without issue, descended to his brothers and sisters.

*Wright,* for plaintiff in error, cited 3 *Peters* 374: 3 *Petersdorff* 352; 6 *Petersdorff* 44; 2 *Cov. & Hughes' Dig.* 321; 3 *Rawle* 489; 2 *Bl. Comm.* 163.

*Woodward, contra,* cited 1 *Dall.* 129; 3 *Coke Rep.* 21; 1 *Burr.* 228; 6 *Com. L. Rep.* 21; 2 *Mod.* 289; *Eq. Ca. Ab.* 195.

Per Curiam.—The rule is as old as Matthew Manning's case, that a devise of the whole property vests immediately; and that a particular interest given out of it, operates by way of exception. The testator surely never contemplated that issue, left by either devisee before the age of twenty-one, should be disinherited; and the estate must have vested to preclude the possibility of it. It is plain, however, that the interest given for the support of the family, was a particular one; and that the rule operated on it.

Judgment affirmed.